

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

AUG 01 2012

CHRIS R. JOHNSON, Clerk
By

Deputy Clerk

**IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION**

MARK ADAMS and KATHY ADAMS,
Individually and on behalf of others similarly situated, )
)
Plaintiffs, )
)
-vs- ) No.: 12-2173
)
CAMERON MUTUAL INSURANCE COMPANY , )
)
Defendant. ) CLASS ACTION

**CLASS ACTION COMPLAINT**

COME NOW Plaintiffs, Mark Adams and Kathy Adams ("Plaintiffs"), on behalf of themselves and all others similarly situated, and file this Class Action Complaint against Defendant, Cameron Mutual Insurance Company ("Defendant"). For their Class Action Complaint, Plaintiffs allege as follows:

## I. PARTIES

1. Plaintiffs are individuals who reside in Mena, Polk County, Arkansas.

2. Defendant is a mutual insurance company conducting business in the State of Arkansas with its principal place of business located in Cameron, Missouri.

## II. JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(d)(2). If a class is certified in this action, the amount in controversy will exceed $5,000,000.00, exclusive of interest and costs, and this is a class action in which at least one member of the class is a citizen of a state different from any defendant.

4. This Court has jurisdiction over Defendant. Defendant engages in continuous and systematic activities within the State of Arkansas.

5. Venue is proper in this District pursuant to 28 U.S.C. §1391. Specifically, as provided by 28 U.S.C. §1391(c), Defendant is a company that is deemed to reside in this District. Moreover, a substantial part of the events and omissions giving rise to the claims alleged herein occurred in this District.

## III. FACTUAL BACKGROUND

6. Plaintiffs contracted with Defendant for an insurance policy which provided coverage for certain losses to a dwelling and other structures (collectively referred to herein as "dwelling"), owned by Plaintiffs and located at 1304 Church Avenue, Mena, Arkansas 71953. Specifically, Plaintiffs' dwelling was insured by insurance policy number DP 0000166522 4 issued by Defendant. A true and correct copy of the insurance policy is attached hereto as Exhibit "A".

7. On or about April 9, 2009, during the coverage period, Plaintiffs' dwelling suffered damage resulting from a tornado.

8. Plaintiffs properly submitted their claim to Defendant and requested payment for the loss and damage to their dwelling.

9. Defendant confirmed that Plaintiffs' dwelling had sustained a covered loss and that Defendant had an obligation and duty to pay Plaintiffs for the repair or replacement of the damaged portions of their dwelling pursuant to the terms of Plaintiffs' insurance policy.

10. On or about April 15, 2009, Defendant's adjuster inspected the damage to Plaintiffs' dwelling. The adjuster's calculation of damage concluded Plaintiffs had suffered a loss to their dwelling in the amount of $48,647.04. The repair costs calculated by the adjuster

consisted of costs for materials and labor to repair Plaintiffs' dwelling. Defendant depreciated the amount payable to Plaintiffs for materials and labor by $8,364.66, resulting in an actual cash value ("ACV") payment of $40,282.38 – less applicable deductions. Thus, Plaintiffs received an ACV payment in which Defendant depreciated not only the costs associated with materials – which diminish in value based upon age and wear, but also labor – which does not diminish in value. For example, Defendant estimated the cost of removing the asphalt shingles from Plaintiffs' roof to be $900.43, but depreciated this labor-only cost by $180.09. Similarly, Defendant depreciated costs associated with labor throughout its estimate for such items as the following: (1) removal of roof decking; (2) removal of siding; (3) removal of carpet/vinyl flooring; and various other costs associated with labor only.

11. Defendant's depreciation of labor-only costs associated with repairing Plaintiffs' dwelling resulted in Plaintiffs receiving payment for their loss in an amount less than they were entitled to under their insurance policy. Defendant breached its insurance policy with Plaintiffs by improperly depreciating the cost of labor. As discussed herein, an entire Class of Arkansas insureds has been subject to Defendant's improper conduct related to depreciating labor costs. Therefore, Plaintiffs bring this matter on their own behalf and on behalf of the Class defined in paragraph 20, below.

12. Each Class Member contracted with Defendant for an insurance policy which provided coverage for certain losses to their dwellings. Defendant's insurance policies providing such coverage to Plaintiffs and Class Members were uniform as to all issues relevant to this action.

13. As with Plaintiffs, each Class Member suffered a covered loss which was properly submitted to Defendant. Defendant adjusted each Class Member's claim by reaching a

total cost for materials and labor needed to complete the repair or replacement of the damaged dwelling. A depreciation factor was applied to each Class Member's claim which resulted in the depreciation of costs associated with both materials and labor.

14. Plaintiffs' insurance policy and the insurance policies of the Class provide coverage for losses to an insured dwelling. Plaintiffs and Each Class Member are entitled to payment for the ACV of their losses whether or not they make any repairs to their dwellings. The ACV payment belongs to the insured and there is no requirement that any portion of the payment be utilized to complete repairs to the damaged dwelling.

15. Plaintiff's insurance policy, and those of the Class, provide no definition of "actual cash value" and describe the manner in which losses will be paid as follows:

> 5. Loss Settlement. Covered property losses are settled at actual cash value at the time of loss but not more than the amount required to repair or replace the damaged property.

16. The basis of all the insurance policies at issue is to provide indemnity to Plaintiffs and each Class Member. Simply put, the insurance policies require Plaintiffs and each Class Member to be placed back in the same position they were before their loss occurred – no better and no worse. Thus, indemnity would, for example, result in Plaintiffs having an asphalt shingle roof placed on their home that was the exact same age, quality and wear as the asphalt shingle roof they had immediately before their loss of April 9, 2009. It would be as though the loss had never occurred and Plaintiffs would pay nothing out of their own pocket. Given the practicalities of construction and claims adjusting, Defendant applies a depreciation factor to materials such as asphalt shingles in an attempt to achieve indemnity. While a depreciation factor is appropriate for material such as asphalt shingles to account for their age, quality and wear, the requirement of indemnity does not allow for the depreciation of labor associated with replacing the asphalt

shingles. Indemnity should leave Plaintiffs in the exact same position as they were before their loss. Using the example of Plaintiffs' roof, they should be left with an identical asphalt shingle roof on their home. Depreciating labor improperly forces Plaintiffs and all other Class Members to pay a portion of the costs associated with placing them back in the position they were before the loss. This is not indemnity and violates the insurance policies at issue in this matter.

17. Nowhere in Plaintiff's insurance policy or the insurance policies of Class Members is the Defendant granted the right to depreciate the value of labor when making ACV payments to its insureds. Undertaking such action is a violation of the insurance policy and the rights of Plaintiff and the Class. The ultimate requirement of Defendant's insurance policies is to provide indemnity to Plaintiffs and the Class, but Defendant's practice of depreciating labor has left Plaintiffs and the Class under-indemnified and underpaid on their losses.

## IV. CLASS ALLEGATIONS

18. Plaintiffs seek to recover on behalf of themselves and the class described below for all amounts Defendant withheld from ACV payments for depreciation of labor.

19. Plaintiffs bring this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a proposed class consisting of the following:

> All persons who received ACV payments, directly or indirectly, from Cameron Mutual Insurance Company for physical loss or damage to their dwelling or other structures, such dwelling or other structures located in Arkansas, such payments arising from losses that occurred at any time between August 1, 2007 and the date of class certification, where the cost of labor was depreciated. Excluded from the Class are: (1) All persons who received a replacement cost payment from Cameron Mutual Insurance Company; (2) Cameron Mutual Insurance Company and its affiliates, officers, and directors; (3) Members of the judiciary and their staff to whom this action is assigned; and (4) Plaintiffs' Counsel.

20. The members of the Class are so numerous that joinder of all members is impracticable. Plaintiffs believe that thousands of people geographically dispersed across

Arkansas have been damaged by Defendant's actions. The names and addresses of the members of the Class are identifiable through documents maintained by Defendant and the members of the Class may be notified of the pendency of this action by mailed, published and/or electronic notice.

21. Plaintiffs' claims are typical of the claims of all Class Members, as all Class Members are similarly affected by Defendant's uniform wrongful conduct and their claims are based on such conduct. Further, Plaintiffs' claims are typical of the claims of all Class Members because their claims arise from the same underlying facts and are based on the same factual and legal theories as the claims of all Class Members. Plaintiffs are no different in any relevant respect from any other member of the Class.

22. Plaintiffs and their counsel will fairly and adequately protect the interests of the members of the Class. Plaintiffs' interests do not conflict with the interests of the Class they seek to represent. Plaintiffs have retained counsel competent and experienced in class and complex litigation. Plaintiffs and their counsel will prosecute this action vigorously.

23. Class certification is warranted because common questions of law and fact exist as to all Class Members and predominate over any questions affecting only individual Class Members. The questions of law and fact common to the Class include, without limitation:

a. Whether Defendant's insurance policy allows Defendant to depreciate labor costs when arriving at ACV payments;

b. Whether Defendant's depreciation of labor costs when arriving at ACV payments is a breach of the insurance policy;

c. Whether Plaintiffs and the Class have been damaged by the breach of contract alleged herein, and if so, the measure of those damages and the nature and extent of relief that should be afforded.

24. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impracticable. Even if individual Class Members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed. Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendant's common course of conduct. The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and equitable handling of all Class Members' claims in a single forum. The conduct of the action as a class action conserves resources of the parties and of the judicial system, and protects the rights of the Class Members. Furthermore, for many, if not most Class Members, a class action is the only feasible mechanism that allows them an opportunity for legal redress and justice. There will be no difficulty in the management of this action as a class action.

## V. CAUSES OF ACTION

### BREACH OF CONTRACT

25. Plaintiffs hereby incorporate by reference all preceding paragraphs as if fully set forth herein.

26. As set forth in Section III above, Defendant, Plaintiffs and all Class Members are or were parties to uniform insurance policies that govern their relationship and the manner in which claims are handled.

27. The insurance policies were drafted by Defendant and are uniform as to Plaintiffs and every Class Member.

28. Pursuant to the terms of the insurance policies, Defendant agreed to settle losses as follows:

> 5. Loss Settlement. Covered property losses are settled at actual cash value at the time of loss but not more than the amount required to repair or replace the damaged property.

29. Defendant's insurance policies provide no definition of "actual cash value" and provide no further explanation of how that term will be construed.

30. Plaintiffs and the Class performed all conditions required to be performed by Plaintiffs and the Class in accordance with the terms of the insurance policies.

31. As set forth in Section III above, the insurance policies at issue do not allow Defendant to depreciate labor. Defendant breached the insurance policies by improperly applying a depreciation factor to the labor portion of various repairs that were required at Plaintiffs' and the Class' dwellings.

32. Defendant's breach of the insurance policies, and continued breach of the insurance policies, has benefitted, and continues to benefit, Defendant. Likewise, Defendant's breach of the insurance policies, and continued breach of the insurance policies, has damaged, and continues to damage, Plaintiffs and the Class.

33. Defendant's breach is the direct, proximate, and producing cause of damages to Plaintiffs and the Class.

34. Because of Defendant's breach of contract alleged herein, Plaintiffs and the Class should be made whole for all amounts Defendant withheld as depreciation of labor.

## VI. JURY DEMAND

35. Plaintiffs demand a trial by jury as to all issues so triable.

## VII. PRAYER

FOR THE FOREGOING REASONS, Plaintiffs, individually and on behalf of the Class, respectfully request that the Court certify this action as a class action, with Plaintiffs as class

representatives and the undersigned counsel as class counsel, and enter an order of judgment against Defendant in favor of the Class that, *inter alia*:

a) declares that Defendant has breached its contractual obligations to Class Members;

b) awards actual damages to Class Members to fully compensate them for losses sustained as a direct, proximate, and/or producing cause of Defendant's breaches;

c) awards pre-judgment and post-judgment interest at the maximum allowable rates;

d) awards Plaintiffs' reasonable attorneys' fees and costs;

e) orders any such other and further relief as the Court deems just and proper to correct the wrongs done unto the Class.

Dated: August 1, 2012

Respectfully submitted,

By: ______________________

W. H. TAYLOR, #81154
STEVAN E. VOWELL, #75134
WILLIAM B. PUTMAN, #91198
TIMOTHY J. MYERS, #93110
**TAYLOR LAW PARTNERS, LLP**
303 E. Millsap Road
P.O. Box 8310
Fayetteville, AR 72703
Telephone: (479) 443-5222
Facsimile: (479) 443-7842

Counsel for Plaintiffs and the Proposed Class