UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | | |
|---|---|---|
| MARK ADAMS and KATHY ADAMS, Individually and on behalf of others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | No.: 2:12-cv-2173-PKH |
| V. | ) ) | |
| CAMERON MUTUAL INSURANCE COMPANY, | ) ) ) | CLASS ACTION |
| Defendant. | ) ) | |

## ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT

WHEREAS Plaintiffs, Mark Adams and Kathy Adams ("Plaintiffs"), individually and as Class Representatives on behalf of a proposed Settlement Class, and Defendant Cameron Mutual Insurance Company ("Cameron"), have agreed—subject to Court approval—to settle this litigation upon the terms and conditions stated in the Stipulation of Settlement filed with the Court on March 27, 2015 (the "Stipulation");

NOW, THEREFORE, based upon the Stipulation, statements of counsel, and it appearing to the Court that a hearing should be held to determine whether the Proposed Settlement described in the Stipulation is fair, reasonable, and adequate;

IT IS HEREBY ORDERED THAT:

1. All terms defined in the Stipulation (Doc. 41-1) shall have the same meanings in this Order.

2. The Stipulation and Proposed Settlement are preliminarily approved as fair, adequate, and reasonable, and Plaintiffs' motion for preliminary approval of the Proposed Settlement is granted in all material respects, subject to further consideration at the Final

Approval Hearing.  The Court does find that the Stipulation must be amended in certain non-material respects as specifically noted below.  Provisions of this order that deviate from the terms of the Stipulation will be underlined.

3.  Contingent upon Final Approval of the Settlement, and pursuant to FED. R. CIV. P. 23,  the following Settlement Class is conditionally certified for settlement purposes only:

> All persons and entities who received ACV payments, directly or indirectly, from Cameron Mutual Insurance Company for physical loss or damage to their dwelling or other structures, such dwellings or other structures located in Arkansas, such payments arising from losses that occurred at any time during the Class Period, where the cost of labor was depreciated.
>
> Excluded from the Class are: (1) All persons and entities who received a replacement cost payment from Cameron Mutual Insurance Company; (2) All persons and entities who received a payment at least equal to the applicable policy limits on a total loss claim; (3) Cameron Mutual Insurance Company and its affiliates, officers, and directors; (4) Members of the judiciary and their staff to whom this action is assigned; and (5) Plaintiffs' counsel.
>
> "Class Period" means the period of August 1, 2007 through the date of Preliminary Approval.

4.  Plaintiffs Mark Adams and Kathy Adams are preliminarily appointed as representatives of the Settlement Class ("Class Representatives"), and this Court preliminarily finds the following attorneys for Plaintiffs satisfy the adequacy requirement of FED. R. CIV. P. 23 and appoints such as counsel for the Settlement Class ("Class Counsel"):

W. H. Taylor
Stevan E. Vowell
William B. Putman
**TAYLOR LAW PARTNERS**
303 E. Millsap Road
P.O. Box 8310
Fayetteville, Arkansas  72703

Jason E. Roselius

**Mattingly & Roselius, PLLC**
13182 N. MacArthur Blvd.
Oklahoma City, Oklahoma 73142

Richard E. Norman
R. Martin Weber, Jr.
**Crowley Norman LLP**
3 Riverway, Ste. 1775
Houston, Texas  77056

5. Cameron shall serve as the administrator of the Proposed Settlement, and is authorized to and shall take all steps outlined in the Stipulation to administer the terms of the Proposed Settlement.

6. Pending the Court's final determination of whether the Proposed Settlement will be approved, all Class Members who have not timely and properly excluded themselves from the Settlement Class, and anyone acting on behalf of them, are barred and preliminarily enjoined from instituting, commencing, or continuing to prosecute, directly or indirectly, as an individual or collectively, representatively, derivatively, or in any other capacity whatsoever, any action in any state or federal court, or before any other tribunal or forum of any kind, against Cameron or any Released Persons that asserts any Released Claims, as defined in the Stipulation, that would be released and discharged upon Final Approval of the Settlement, except as the Court may further order upon written application of a Class Member after notice to all parties.  Any person who knowingly violates this injunction will be liable for the costs and attorneys' fees incurred by Cameron or any of the Released Persons as a result of the violation.

7. The parties have prepared the Individual Notice that has been submitted to the Court as Exhibit 2 to the Stipulation.

8. The Individual Notice, in substantially the same form and content as Exhibit 2, shall be mailed to Class Members as outlined in the Stipulation.  By agreement, counsel for the parties are authorized to complete any missing information and to make any non-substantive

revisions to the Individual Notice prior to disseminating it as necessary to fulfill the purposes of the Proposed Settlement. These revisions need not be presented to the Court for approval prior to mailing of the Individual Notice.  <u>Any substantive revision(s) to the Individual Notice must be approved by the Court prior to mailing. The parties may informally inquire of the Court if there is a question as to whether a revision is substantive.</u>

9. In addition to the Individual Notices mailed in accordance with paragraph 8, above, Cameron shall cause to be published a notice ("Publication Notice") of the Settlement in the Arkansas Democrat-Gazette as detailed in the Stipulation and in a form substantially similar to Exhibit "3" to the Stipulation.  <u>Any substantive revision(s) to the Publication Notice must be approved by the Court prior to publication.  The parties may informally inquire of the Court if there is a question as to whether a revision is substantive.</u>

10. The Court has reviewed the Individual Notice and Publication Notice and finds that the form and content of the Individual Notice and Publication Notice are the reasonable and best practicable notice under the circumstances; are reasonably calculated to apprise Class Members of the pendency of the Action and of their right to object or opt-out of the Proposed Settlement; constitute due, adequate, and sufficient notice to all persons entitled to receive notice; meet the requirements of the Federal Rules of Civil Procedure, and requirements of due process under the United States Constitution, and the requirements of any other applicable rules or law; and are hereby approved.

11. By no later than **June 26, 2015**, Cameron shall send a copy of the Individual Notice by first-class mail to each potential Class Member for whom Cameron has ascertained a name and an address.

12. Prior to posting of the Individual Notice by Cameron with the United States Postal Service, Cameron shall run all Class Member names and addresses through the "National Change of Address" (NCOALink) database to update addresses. After the posting of the Individual Notice by Cameron with the United States Postal Service, for any Individual Notices returned as undeliverable, Cameron shall utilize the services of a single commercial database resources entity (e.g., Accurint, TransUnion, etc.) chosen by Cameron and make an attempt to obtain a more current mailing address for each returned Individual Notice(s). The address so obtained from the commercial database resource entity shall be used <u>to mail a second notice to Class Members whose Individual Notices were returned undeliverable. Cameron will not have an obligation to send a settlement check to an identified class member whose Individual Notice was twice returned as undeliverable.</u>

13. If any Individual Notice mailed to any potential Class Member is returned to Cameron as undeliverable, <u>to include both first and second mailings</u>, Cameron will promptly log each Individual Notice that is returned as undeliverable and provide copies of the log to Class Counsel upon request. The procedures set forth in the preceding paragraphs constitute reasonable and best practicable notice under the circumstances, and constitute an appropriate and sufficient effort to locate current addresses for Class Members such that no additional efforts to do so shall be required. Upon request, Cameron shall provide Class Counsel such reasonable access to the notice process as they may need to monitor compliance with the notice campaign.

14. No later than **August 20, 2015**, Cameron shall file with the Court an affidavit confirming dissemination of the Individual Notice and posting of the Publication Notice in accordance with the terms of this Order. <u>The affidavit should also inform the Court of the</u>

<u>number of class members opting out, the number of returned notices—both first and second mailings—and the number of objectors.</u>

15.     The costs of disseminating notice, as set forth above, shall be borne by Cameron as agreed in the Stipulation.

16.     <u>The parties are directed to amend the Stipulation to reflect the modifications noted in this order.  A finalized, amended Stipulation must be presented to the Court for approval by no later than **June 5, 2015**.  Once the Court has approved the amended Stipulation, no additional amendments may be made without prior approval of the Court.</u>

17.     The eligibility of Class Members for payments and the amount of payments to eligible Class Members pursuant to the Proposed Settlement shall be determined in accordance with the terms and conditions of the Stipulation, which terms and conditions the Court preliminarily finds to be fair, adequate, and reasonable.

18.     The Court will hold a Final Approval Hearing to consider the fairness, reasonableness, and adequacy of the Proposed Settlement at **10:00 a.m., Tuesday, August 25, 2015**, which date shall be set forth in the Individual Notice and Publication Notice. During the Final Approval Hearing, the Court will consider and determine:

    a.    Whether the Proposed Settlement should be finally approved by the Court as fair, reasonable, and adequate, and if so, whether to incorporate the Stipulation as the judgment of the Court that shall be binding on all Class Members who have not timely requested exclusion from the Settlement Class;

    b.    Whether to confirm certification of the Settlement Class for settlement purposes only and whether the requirements of Fed. R. Civ. P. 23 have been met for purposes of certifying the Settlement Class;

    c.    Whether notice to potential Class Members, in the form and manner described herein and in the Stipulation, has been accomplished as directed, and whether such notice satisfies the requirements of Fed. R. Civ. P. 23 and due process as being the best notice practicable under the circumstances to all persons entitled thereto;

  d.  Whether and in what amount Class Counsel shall be awarded attorneys' fees and expenses, as specified in the Settlement Agreement;

  e.  Whether and in what amount incentive compensation shall be awarded to the Class Representatives; and

  f.  Objections, if any, made to the Proposed Settlement or any of its terms.

Upon a showing of good cause, the Final Approval Hearing may be postponed, adjourned or rescheduled by order of the Court without further notice to the members of the Settlement Class.

  19. Class Members who wish to exclude themselves from the Settlement Class must submit written requests for exclusion. To be effective, such a request must include the Class Member's name and address, a clear and unequivocal statement that the Class Member wishes to be excluded from the Settlement Class, and the signature of the Class Member or, only in the case of a Class Member who is deceased or incapacitated, the signature of the Legally Authorized Representative of the Class Member, with written proof of such authority. The request must be mailed to Class Counsel at the address provided in the Individual Notice, and must be postmarked no later than **August 5, 2015**.

  20. Class Members who submit timely and valid requests for exclusion in the manner set forth in the Individual Notice and the Stipulation shall be excluded from the Settlement Class. Such persons shall have no rights under the Proposed Settlement, shall not share in any distribution of funds under the Proposed Settlement, and shall not be bound by the Proposed Settlement or by any Final Judgment approving the Proposed Settlement.

  21. All members of the Settlement Class who do not request exclusion in the manner set forth in the Individual Notice and the Stipulation[1] shall be bound by any Final Judgment

---

[1] The Court retains discretion to allow requests for exclusion not made in full, technical compliance with the Stipulation, upon a showing of good cause for failure to comply. In no event, however, will requests for exclusion be considered after the Final Approval Hearing.

7

entered pursuant to the Stipulation, and shall be barred and enjoined, now and in the future, from asserting any Released Claims against any Released Persons, as defined in the Stipulation. Upon entry of a Final Judgment approving the Proposed Settlement, all members of the Settlement Class shall be conclusively deemed to have fully and finally released all of the Released Persons from any and all Released Claims.

22.     Class Members who do not request exclusion from the Settlement Class may object to the Proposed Settlement. Class Members who choose to object to the Proposed Settlement may file a written objection, as described below. Any Class Member may appear at the Final Approval Hearing, in person or by counsel, and be heard to the extent allowed by the Court, applying applicable law, in opposition to the fairness, reasonableness and adequacy of the Proposed Settlement, and on the application for an award of attorneys' fees and costs. The right to object to the Proposed Settlement must be exercised individually by a Class Member, not as a member or representative of a group or subclass, except in the case of a deceased or incapacitated Class Member.  To be considered, an objection to the Proposed Settlement must:

   a.   Contain a heading which includes the name of the case and case number;

   b.   Provide the name, address, telephone number and signature of the Class Member filing the objection;

   c.   Indicate the specific reasons why the Class Member objects to the proposed Settlement;

   d.   Be filed with the Clerk of the Court not later than **August 5, 2015**;

   e.   Be sent to the Class Counsel by first-class mail, and postmarked no later than **August 5, 2015**;

   f.   Contain the name, address, bar number and telephone number of the objecting Class Member's counsel, if represented by an attorney. If the Class Member is represented by an attorney, he/she or it must comply with all applicable laws and rules for filing pleadings and documents in Arkansas federal district courts; and

      g.     State whether the objecting Class Members ("Objector") intends to appear at the Final Approval Hearing, either in person or through counsel.

In addition, an objection <u>should</u> contain the following additional information, if the Class Member or his/her or its attorney requests permission to speak at the Settlement Final Approval Hearing:

      (i)     A detailed statement of the specific legal and factual basis for each and every objection;

      (ii)     A list of any and all witnesses whom the Objector may call at the Settlement Final Approval Hearing, with the address of each witness and a summary of his or her proposed testimony;

      (iii)     A detailed description of any and all evidence the Objector may offer at the Settlement Final Approval Hearing, including photocopies of any and all exhibits which the Objector may introduce at the Final Approval Hearing; and

<u>An objecting Class Member who does not include the above information in his/her/its objections will likely be limited in speaking and presenting evidence or testimony at the Final Approval Hearing and may be prevented from doing so entirely.</u>

    23.    Any Class Member who does not file proper or timely written objections to the Proposed Settlement with the Court in the manner described herein shall not be permitted to present objections to the Proposed Settlement at the Final Approval Hearing,[2] shall be deemed to have waived any objections to the Proposed Settlement, and shall be foreclosed from seeking review of the Stipulation or Final Judgment by appeal or otherwise.

    24.    By no later than **July 24, 2015**, Class Counsel shall file their motion and brief in support of their request for attorneys' fees and expenses. By no later than **August 14, 2015**, Class Counsel shall also file a motion and memorandum in support of Final Approval of the

---

[2] <u>The Court retains discretion to allow objections to be made absent full, technical compliance with the Stipulation, upon a showing of good cause for failure to comply. No objections will be heard, however, after the Final Approval Hearing.</u>

Proposed Settlement and Stipulation. Cameron, in its sole discretion, may also file a submission in support of Final Approval of the Proposed Settlement.

25. By no later than **August 20, 2015**, Class Counsel and Cameron's Counsel shall file with the Court (a) a list of persons who have timely excluded themselves from the Settlement Class or objected to the Proposed Settlement; (b) the Parties' response(s) to timely objections to the Settlement, if any.

26. The Proposed Settlement is hereby preliminarily approved as fair, reasonable, adequate, and in the best interests of the Class Members.

27. Upon a showing of good cause, the Court may extend any of the deadlines set forth in this Order or in the Stipulation, or the date and/or time of the Final Approval Hearing, without further notice to the Settlement Class.

28. Except for proceedings in furtherance of the Proposed Settlement, this Action is stayed pending further order of the Court.

**IT IS SO ORDERED this 19th day of May, 2015.**

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE