UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | |
|---|---|
| MARK ADAMS and KATHY ADAMS, )<br>Individually and on behalf of others )<br>similarly situated, )<br>　　　　　　　　　　　　　　　　　　)<br>　　　　　Plaintiffs, )<br>　　　　　　　　　　　　　　　　　　)<br>V.　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　)<br>CAMERON MUTUAL )<br>INSURANCE COMPANY, )<br>　　　　　　　　　　　　　　　　　　)<br>　　　　　Defendant. )| No.: 2:12-cv-2173-PKH<br><br>CLASS ACTION |

## AMENDED STIPULATION OF SETTLEMENT

This Stipulation of Settlement ("Stipulation") is entered into, by and between (i) Representative Plaintiffs Mark Adams and Kathy Adams, on behalf of themselves and all others similarly situated (collectively "Plaintiffs"), and (ii) Defendant Cameron Mutual Insurance Company (the "Defendant" or "Cameron"). Plaintiffs and Defendant are collectively referred to herein as the "Parties."

**WHEREAS:**

A. On August 1, 2012, Plaintiffs filed a Complaint in this action in the federal district court for the Western District of Arkansas seeking certification of the claims on behalf of a class;

B. On October 12, 2012, Plaintiffs requested that the Court certify a question to the Arkansas Supreme Court regarding the propriety of depreciating labor costs;

C. On November 5, 2012, Defendant moved for summary judgment;

D.  On May 3, 2013, the Court granted Plaintiffs' motion to certify a question to the Arkansas Supreme Court and denied Defendant's motion for summary judgment. The certified question was:

> Whether an insurer in determining the "actual cash value" of a covered loss under an indemnity insurance policy may depreciate the costs of labor when the term "actual cash value" is not defined in the policy.

E.  On November 21, 2013, the Arkansas Supreme Court issued its decision in *Adams v. Cameron Mutual Ins. Co.*, 2103 Ark. 475 (2013), and thereafter mandate issued;

F.  The Plaintiffs propounded discovery in April 2014, and shortly thereafter the Parties began settlement discussions and engaged in an agreed document production;

G.  In June 2014 the Court stayed the case to permit settlement discussions to proceed, but lifted the stay in December 2014 after no settlement had been reached;

H.  Despite the stay being lifted, the Parties continued their efforts to resolve the case, ultimately reaching an agreement to present to the Court for approval;

I.  The parties Stipulation, signed effective 2015, was presented to the Court for approval, and the Court granted preliminary approval subject to certain changes being made and submitted to the Court, as addressed herein;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among the Parties, through their respective counsel, subject to approval of the Court, and in consideration of the benefits to the Parties hereto, that the Parties enter into this Stipulation for Settlement, upon and subject to the following terms and conditions:

**I.  DEFINITIONS**

In addition to terms defined elsewhere in this Stipulation of Settlement, the following terms shall be defined as follows:

1.  "Action" means the action styled Cause No. 2:12-cv-2173-PKH; *Adams, et al. v. Cameron Mutual Insurance Company*; in the United States District Court for the Western District of Arkansas.

2.  "Class Counsel" means the attorneys approved and appointed by the Court to represent the Settlement Class and the Class Members as provided in Paragraph 30(a), below.

3.  "Class Member" means individual members of the Settlement Class.

4.  "Class Notice" means the notice of the preliminary approval of this Stipulation of Settlement to be given under Paragraphs 34-38, below.

5.  "Class Period" means the period of August 1, 2007 through the date of Preliminary Approval.

6.  "Covered Loss" means a physical loss or damage suffered during the Class Period to a dwelling or other structures, such dwellings or other structures located in Arkansas, that resulted in a payment by Cameron where the cost of labor was depreciated.

7.  "Effective Date" means the later of (a) the thirtieth day after entry of the Final Judgment or (b) date on which all of the following statements are true:

    (a)  All parties have executed this Stipulation;

    (b)  No party has terminated the Stipulation;

    (c)  The Court has preliminarily approved this Stipulation and the Proposed Settlement as provided in Paragraph 31,below;

    (d)  The Court has entered a Final Judgment substantially in the form of **Exhibit "4"** hereto, approving this Stipulation and the Proposed Settlement without material alteration, releasing all of the Released Persons from all of the Released Claims, and dismissing the Action with prejudice and without leave to amend; and

    (e)  (i) The time to file an appeal from the Final Judgment has expired without the filing of any appeal(s) or (ii) if any appeal has been taken from the Final Judgment, then the date on which all appeals therefrom, including petitions for rehearing, petitions for rehearing *en banc*, and petitions for certiorari, or any other form of judicial review have been finally disposed of in a manner that affirms the Final Judgment without material alteration.

8.  "Final Approval Hearing" means the hearing to be held to consider final approval of the Proposed Settlement as provided in Paragraph 45, below.

9. "Final Judgment" means the order and judgment fully and finally disposing of all claims asserted in the Action against Cameron and all claims settled under the Final Settlement as provided in Paragraph 45, below.

10. "Final Settlement" means the settlement approved by the Court in the Final Judgment as reasonable, adequate, and in the best interests of the Class Members as provided in Paragraphs 45, below.

11. "Individual Notice" means a Class Notice, in the agreed and Court approved form set forth hereto as **Exhibit "2"**, mailed to potential Class Members as provided in Paragraphs 34-36.

12. "Legally Authorized Representative" means an administrator/administratrix, personal representative, or executor/executrix of a deceased Class Member's estate, a guardian, conservator, or next friend of an incapacitated Class Member or any other legally appointed Person or entity responsible for the handling of the business affairs of a Class Member.

13. "Person" means any natural person, individual, corporation, association, partnership, trust, or any other type of legal entity.

14. "Preliminary Approval" means the Preliminary Approval Order as to be entered by the Court, as provided in Paragraphs 31-33.

15. "Proposed Settlement" and "Settlement" mean the settlement described in this Stipulation of Settlement.

16. "Released Claims" means and includes any and all known and unknown claims, rights, demands, actions, causes of action, allegations, or suits of whatever kind or nature, whether *ex contractu* or *ex delicto,* debts, liens, contracts, liabilities, agreements, attorneys' fees, costs, penalties, interest, expenses, or losses (including actual, consequential, statutory, extracontractual and/or punitive or exemplary damages) arising from depreciation of labor (including, but not limited to, calculation, deduction, determination, inclusion, modification, omission, and/or withholding of depreciation of labor) in the adjustment and/or payment of any Covered Loss, and whether arising under or based on contract, extra-contractual, unfair trade practices, bad faith or tort theories, common law or equity, or federal, state or local law, statute, ordinance, rule or regulation. Released Claims do not include any claim for enforcement of the contemplated Stipulation of Settlement and/or Final Judgment.

17. "Released Persons" means Cameron and their past or present subsidiaries, parents, and/or affiliates, their successors and predecessors in interest, their assigns, acquirers, divisions, representatives, heirs, officers, directors, shareholders, members, agents, managing agents, employees, attorneys, auditors, accountants, brokers, surplus lines brokers, advisers, insurers, co-insurers, re-insurers, and/or consultants.

18. "Representative Plaintiffs" means Mark Adams and Kathy Adams

19. "Settlement Class" means:

    All persons and entities who received ACV payments, directly or indirectly, from Cameron Mutual Insurance Company for physical loss or damage to their dwelling or other structures, such dwellings or other structures located in Arkansas, such payments arising from losses that occurred at any time during the Class Period, where the cost of labor was depreciated.

    Excluded from the Class are: (1) All persons and entities who received a replacement cost payment from Cameron Mutual Insurance Company; (2) All persons and entities who received a payment at least equal to the applicable policy limits on a total loss claim; (3) Cameron Mutual Insurance Company and its affiliates, officers, and directors; (4) Members of the judiciary and their staff to whom this action is assigned; and (5) Plaintiffs' counsel.

20. "Stipulation" means this Stipulation of Settlement, including all exhibits hereto.

21. "Total Depreciation" means the full amount of the depreciation (including on labor and materials) that was previously withheld by Cameron in adjusting each Covered Loss by a Class Member.

## II.   CONSIDERATION

22. The Parties have negotiated a compromise of disputed claims, and have agreed on consideration for payment of claims to Class Members, according to a formula as provided herein, in exchange for a release of Released Claims to Released Persons, and Dismissal With Prejudice of the Litigation. The Parties contemplate that this Stipulation will resolve all claims and issues in the Action.

23. Cameron shall provide a settlement fund of up to, but not more than, $1,357,480.56 (hereinafter the "Class Settlement Fund"). The Class Settlement Fund will be a fund available for the payments of:

    (a) Settlement Payments totaling $1,015,399.56[1] to Class Members, as more fully described in Paragraphs 25-26;

    (b) Court-approved attorneys' fees, costs, and expenses of the Litigation of up to $332,081, as more fully described in Paragraphs 52-55; and

---

[1]

| | | |
|---|---|---|
| Total Depreciation on HO/DP/F Policies | | $1,207,785.89 |
| Total Depreciation on BP/CP Policies | + | $1,676,871.96 |
| | = | $2,884,657.84 |
| Labor depreciation estimate | x | 44% |
| | = | $1,269,249.45 |
| Less 20% settlement reduction | - | $   253,849.89 |
| Total Settlement Payments | = | $1,015,399.56 |

5

    (c)    Court-approved participation awards to the Representative Plaintiffs of up to $10,000 total, as more fully described in Paragraphs 52-55.

24. The Class Settlement Fund shall be the maximum amount of Cameron's monetary obligation in exchange for the release provided herein, except that, in addition to Class Settlement Fund, Cameron shall fund the costs of class notice and draft mailing and other administrative actions, as provided in Paragraphs 26, 34-38, and 49-51. The Class Settlement Fund shall at all times remain under the control of Cameron or its counsel.

25. The "Settlement Payment" that shall be paid by Cameron by draft to each Class Member from the Class Settlement Fund will be determined as follows:

|   | Total Depreciation | Withheld on the Covered Loss |
|---|---|---|
| X | 44% | Estimated labor depreciation as percentage of total depreciation |
| X | 80% | Negotiated settlement offer |
| = | Settlement Payment | |

26. The Settlement Payments shall be mailed to Class Members by Cameron no more than 30 days following the Effective Date.

27. Within 15 business days following mailing of the Settlement Payments, Cameron shall file with the Court a declaration of completion, stating the number of drafts mailed, and the total of all Settlement Payments mailed. In connection with the declaration, Cameron shall file *in camera* a list of the name, address, and Settlement Payment amount for each Class Member to whom a Settlement Payment was mailed.

28. The payment of claims to Class Members, as defined herein, shall be subject to the following further provisions:

    (a)    If any amount of money (hereinafter referred to as the "Residual Funds") remains in the Class Settlement Fund after payment of all Settlement Payments, payment of Class Counsel's Court-approved attorneys' fees, costs, and expenses for this Action, payment of any participation award to the Representative Plaintiffs, and including any interest that has accrued on the Class Settlement Fund, those Residual Funds shall revert to Cameron.

    (b)    The Residual Funds shall also include the amounts of any drafts that were not cashed within one hundred eighty (180) days of the date the draft was issued.

29. The payments described in Paragraphs 25-26 above, are the only payments to which any unnamed Class Members will be entitled under the Proposed Settlement. The payments to Class Members will be deemed to be inclusive of any claims for penalties and interest.

30. The payment of claims and other obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Action, and in consideration for the release of any and all Released Claims as against any and all Released Persons. The Parties agree to work together in good faith to expeditiously administer the Settlement.

### III. PRELIMINARY CERTIFICATION OF THE SETTLEMENT CLASS

31. Upon execution of this Stipulation, Plaintiffs shall submit this Stipulation to the Court and request an order substantially in the form set forth in **Exhibit "1"** ("Preliminary Approval Order") that will among other things:

    (a) Preliminarily certify the Settlement Class, as defined herein, for settlement purposes and designate the following attorneys as counsel for the Settlement Class ("Class Counsel"):

    W. H. Taylor
    Stevan E. Vowell
    William B. Putman
    **TAYLOR LAW PARTNERS**
    303 E. Millsap Road
    P.O. Box 8310
    Fayetteville, Arkansas  72703

    Jason E. Roselius
    **Mattingly & Roselius, PLLC**
    13182 N. MacArthur Blvd.
    Oklahoma City, Oklahoma 73142

    Richard E. Norman
    R. Martin Weber, Jr.
    **Crowley Norman LLP**
    3 Riverway, Ste. 1775
    Houston, Texas  77056

    Preliminary certification and all actions associated with preliminary certification are undertaken on the condition that the certification and designations shall be automatically vacated if this Stipulation is terminated or is disapproved in whole or in part by the Court, any appellate court and/or any other court of review, or if the agreement to settle is revoked pursuant to Paragraph 56, in which event this Stipulation and the fact that it was entered into shall not be offered, received or construed as an admission or as evidence for any purpose, including the "certifiability" of any class, as discussed in Paragraphs 58, and 60-62 of this Stipulation;

    (b) Preliminarily approve this Stipulation as sufficiently fair and reasonable to warrant sending notice to the Settlement Class preliminarily certified for settlement purposes;

    (c) Preliminarily enjoin any Class Member from bringing a new alleged class action or attempting to amend an existing action to assert any class claims that would be released pursuant to the Stipulation;

7

  (d) Direct that Cameron cause the Individual Notice to be distributed by first class mail, postage prepaid, bearing the return address of Cameron not less than sixty (60) days before the Final Approval Hearing set by the Court to all Class Members reasonably identified through the searches described in Paragraph 35-36, below, addressed in care of and to the last known address maintained by Cameron or as updated as described below;

  (e) Determine that distribution of the Individual Notice and Publication Notice as described herein, are the reasonable and best practicable notice under the circumstances; are reasonably calculated to apprise Class Members of the pendency of the Action and of their right to object or opt-out of the Proposed Settlement; constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and meet the requirements of the Rules of Civil Procedure, and requirements of due process under the United States Constitutions, and the requirements of any other applicable rules or law;

  (f) Require each potential Class Member who wishes to exclude himself, herself, or itself from the Settlement Class to submit to Class Counsel a written request for exclusion to be postmarked not later than twenty (20) days prior to the Final Approval Hearing;

  (g) Rule that any potential Class Member who does not submit a timely, written request for exclusion in accordance with Paragraph 39, below, will be bound by all proceedings, orders and judgments in the Action;

  (h) Require that each Class Member who has objections to the Proposed Settlement file an objection with the Court, with copy to Class Counsel, not later than twenty (20) days before the Final Approval Hearing in accordance with Paragraphs 41-43, below; and

  (i) Preliminarily appoint the Representative Plaintiffs as the Class Representatives in the Action.

32. Preliminary certification of the Settlement Class and appointment of the Class Representative and Class Counsel for purposes of this Proposed Settlement by the Court shall be binding only with respect to the Proposed Settlement. In the event the Proposed Settlement is not consummated for any reason, whether due to a termination of this Stipulation in accordance with its terms, a failure or refusal of the Court to approve the Proposed Settlement, or a reversal or modification of the Court's approval of the Proposed Settlement on appeal, or for any other reason, then (a) the Court shall vacate the certification of the Settlement Class, (b) the parties shall proceed as though the Stipulation had never been entered and the Settlement Class had never been certified, and (c) Cameron shall have the right to contest the certification of any class. Nothing herein shall preclude the Court from considering the merits of any motion for class certification.

33. Upon the Preliminary Approval of this Stipulation and the Proposed Settlement, all proceedings in the Action shall be stayed until further order of the Court; provided, however, the parties may conduct such limited proceedings as may be necessary to implement the Proposed Settlement or to effectuate the terms of this Stipulation.

## IV. CLASS NOTICE

34. Not less than 60 days prior to the Final Approval Hearing, Cameron shall send a copy of the Individual Notice by first-class mail to each potential Class Member for whom Cameron has ascertained a name and an address. The Individual Notice will be approved as to form and content by Class Counsel and the Court and will be in the form attached hereto as **Exhibit "2"**. Any substantive revision(s) to the Individual Notice agreed to by the parties must be approved by the Court prior to mailing. The parties may informally inquire of the Court if there is a question as to whether a revision is substantive.

35. Prior to posting of the Individual Notice by Cameron with the United States Postal Service, Cameron, at its sole expense, will run all Class Member names and addresses through the "National Change of Address" (NCOALink) database. This database service is a secure dataset of approximately 160 million permanent change-of-address (COA) records consisting of the names and addresses of individuals, families and businesses who have filed a change-of-address with the USPS". It is maintained by the United States Postal Service and access to it is licensed to service providers and made available to mailers. After the posting of the Individual Notice by Cameron with the United States Postal Service, for any Individual Notices returned as undeliverable, Cameron shall utilize the services of a single commercial database resources entity (e.g., Accurint, TransUnion, etc.) chosen by Cameron and make an attempt to obtain a more current mailing address for each returned Individual Notice(s). The address so obtained from the commercial database resource entity shall be used to mail a second notice to Class Members whose Individual Notices were returned undeliverable. Cameron will not have an obligation to send a Settlement Payment to an identified Class Members whose Individual Notice was twice returned as undeliverable.

36. If any Individual Notice mailed to any potential Class Member in accordance with Paragraphs 34-35 is returned to Cameron as undeliverable, to include both first and second mailings, Cameron will promptly log each Individual Notice that is returned as undeliverable and provide copies of the log to Class Counsel upon request. It is agreed by the Parties that the procedures set forth in the preceding and succeeding paragraphs constitute reasonable and best practicable notice under the circumstances, and constitute an appropriate and sufficient effort to locate current addresses for Class Members such that no additional efforts to do so shall be required. Upon request, Cameron shall provide Class Counsel such reasonable access to the notice process as they may need to monitor compliance with the notice campaign.

37. In addition to the Individual Notices mailed in accordance with Paragraphs 34-35, above, Cameron shall, commencing no later than the date of posting for the Individual Notices, cause to be published a notice ("Publication Notice") of the Settlement in the Arkansas Democrat-Gazette. The Publication Notice shall be published once a week for four consecutive weeks, in a form substantially similar to that attached hereto as **Exhibit "3"**. Any substantive revision(s) to the Publication Notice agreed to by the parties must be approved by the Court prior to publication. The parties may informally inquire of the Court if there is a question as to whether a revision is substantive.

38. The Individual Notice will also be made available to all potential Class Members who request a copy of the same, and Cameron shall send via first class U.S. mail any of these documents as requested by any potential Class Member.

## V.   REQUESTS FOR EXCLUSION AND OBJECTIONS TO THE SETTLEMENT

39. Class Members who wish to exclude themselves from the Settlement Class must submit written requests for exclusion. To be effective, such a request must include the Class Member's name and address, a clear and unequivocal statement that the Class Member wishes to be excluded from the Settlement Class, and the signature of the Class Member or, in the case of a Class Member who is deceased or incapacitated only, the signature of the Legally Authorized Representative of the Class Member. The request must be mailed to Class Counsel at the address provided in the Class Notice and must be postmarked no later than twenty (20) days prior to the Final Approval Hearing. The Court, in its discretion, may allow requests for exclusion not made in full, technical compliance with the Stipulation, upon a showing of good cause for failure to comply. In no event, however, will requests for exclusion be considered after the Final Approval Hearing.

40. Class Counsel shall promptly log each request for exclusion that it receives and provide copies of the log and all such requests for exclusion to Cameron and the Court as requested.

41. Class Members who do not request exclusion from the Settlement Class may object to the Proposed Settlement. Class Members who choose to object to the Proposed Settlement must file written notices of intent to object. Any Class Member may appear at the Final Approval Hearing, in person or by counsel, and be heard to the extent allowed by the Court, applying applicable law, in opposition to the fairness, reasonableness and adequacy of the Proposed Settlement, and on the application for an award of attorneys' fees and costs. The right to object to the Proposed Settlement must be exercised individually by an individual Class Member, not as a member of a group or subclass and, except in the case of a deceased, minor, or incapacitated Class Member, not by the act of another person acting or purporting to act in a representative capacity.

42. To be effective, a notice of intent to object to the Proposed Settlement must:

10

    (a)    Contain a heading which includes the name of the case and case number;

    (b)    Provide the name, address, telephone number and signature of the Class Member filing the objection;

    (c)    Indicate the specific reasons why the Class Member objects to the Proposed Settlement;

    (d)    Be filed with the Clerk of the Court not later than twenty (20) days prior to the Final Approval Hearing;

    (e)    Be sent to Class Counsel by first-class mail, and postmarked no later than twenty (20) days prior to the Final Approval Hearing;

    (f)    Contain the name, address, bar number and telephone number of the objecting Class Member's counsel, if represented by an attorney. If the Class Member is represented by an attorney, he/she or it must comply with all applicable laws and rules for filing pleadings and documents in federal court; and

    (g)    State whether the objecting Class Member ("Objector") intends to appear at the Final Approval Hearing, either in person or through counsel.

43. In addition, a notice of intent to object should contain the following information, if the Class Member or his/her or its attorney requests permission to speak at the Final Approval Hearing:

    (a)    A detailed statement of the specific legal and factual basis for each and every objection;

    (b)    A list of any and all witnesses whom the Objector may call at the Final Approval Hearing, with the address of each witness and a summary of his or her proposed testimony;

    (c)    A detailed description of any and all evidence the Objector may offer at the Final Approval Hearing, including photocopies of any and all exhibits which the Objector may introduce at the Final Approval Hearing; and

    (d)    Documentary proof of membership in the Settlement Class.

An objecting Class Member who does not include the above information in his/her/its objections will likely be limited in speaking and presenting evidence or testimony at the Final Approval Hearing and may be prevented from doing so entirely.

44. Any Class Member who does not file a timely notice of intent to object in accordance with Paragraphs 41-43 shall waive the right to object or to be heard at the Final Approval Hearing and shall be forever barred from making any

objection to the Proposed Settlement. However, the Court retains discretion to allow objections to be made absent full, technical compliance with the Stipulation, upon a showing of good cause for failure to comply. No objections will be heard, however, after the Final Approval Hearing. Class Members have the right to exclude themselves from the Proposed Settlement and pursue a separate and independent remedy against Cameron by complying with the exclusion provisions set forth in Paragraph 39, above. Class Members who object to the Proposed Settlement shall remain Class Members, and will have voluntarily waived their right to pursue an independent remedy against Cameron. To the extent any Class Member(s) objects to the Proposed Settlement, and such objection is overruled in whole or in part, such Class Member(s) will be forever bound by the Final Judgment of the Court. Class Members can avoid being bound by any judgment of the Court by complying with the exclusion provisions in Paragraph 39, above.

## VI. FINAL APPROVAL OF THE PROPOSED SETTLEMENT

45. After the completion of the mailing of Individual Notices as provided in Paragraphs 34-36, the publishing of Publication Notice as provided in Paragraph 37, the deadline for seeking exclusion from the Settlement Class as provided in Paragraph 39, and the deadline for filing a notice of objection to the Proposed Settlement as provided in Paragraphs 41-43, Class Counsel will file a motion seeking the Court's final approval of the Proposed Settlement at a Final Approval Hearing to be held at a time, date, and location that will be stated in the Individual Notice and Publication Notice, and in the order preliminarily approving the Proposed Settlement. Plaintiffs shall request the Court to enter a Final Judgment substantially in the form of the Final Order and Judgment Approving Settlement and Dismissing Action with Prejudice attached hereto as **Exhibit "4"**, which provides for:

   (a) Approving the Proposed Settlement without material alteration, and directing the parties and counsel to comply with and consummate the terms of this Stipulation;

   (b) Certifying the Settlement Class for settlement purposes only;

   (c) Finding Class Counsel and Representative Plaintiffs have adequately represented the Settlement Class;

   (d) Finding the terms of this Stipulation are fair, reasonable, and adequate to the Settlement Class;

   (e) Providing that each Class Member shall be bound by the provisions of this Stipulation, including the release in Paragraphs 63;

   (f) Finding the mailing of the Individual Notice and publication of the Publication Notice approved by the Court were best practicable notice and satisfy the requirements of due process under the federal rules and United

       States Constitutions, and the requirements of any other applicable rules or law;

    (g)    Dismissing all claims in the Action as to Cameron on the merits and with prejudice, and entering final judgment thereon;

    (h)    Permanently enjoining Class Members who have not opted out, from filing, commencing, prosecuting, intervening in, or participating in (as parties and/or class members) any action regarding any Released Claim, and providing that any person in violation of the injunction may be subject to sanctions, including payment of reasonable attorneys' fees incurred in seeking enforcement of the injunction;

    (i)    Approving the payment of the attorneys' fees, costs and expenses to Class Counsel in an amount up to $332,081, and approving the payment to each of the Representative Plaintiffs of an amount up to $5,000, to be paid by Cameron; and

Cameron will not oppose final approval of the settlement in the form of the Final Judgment attached hereto as **Exhibit "4"**, and may submit their own material in respect to Final Settlement approval at the Final Approval Hearing. No later than August 20, 2015, Cameron shall file with the Court an affidavit confirming dissemination of the Individual Notice and posting of the Publication Notice in accordance with the terms of the Court's Preliminary Approval Order. The affidavit should also inform the Court of the number of Class Member who have excluded themselves (opted-out) from the settlement, the number of returned Individual Notices -- both first and second mailings-- and the number of objectors.

46.    The parties to this Stipulation further agree that any party to this Stipulation, counsel in any capacity in which they may act under the authority of the Stipulation, and any employees, representatives, or agents of such law firms or the parties to the Stipulation (including, without limitation, those employees and independent contractors who may furnish services in connection with the proposed Stipulation) shall not be liable for anything done or omitted in connection with the Stipulation and/or the claims administration process under it except for their own willful misconduct.

## VII.    COMMUNICATIONS WITH MEMBERS OF THE SETTLEMENT CLASS

47.    The Individual Notice and Publication Notice shall list the law firms designated as Class Counsel and their name, address and telephone number. Communications with potential Class Members regarding the Proposed Settlement shall primarily be handled through Class Counsel. Nothing herein shall preclude Cameron or their agents from responding to inquiries they may receive regarding the Settlement, or to discussing matters unrelated to the Settlement with their policyholders or customers.

**VIII.   REPRESENTATION OF OPT OUTS**

48. Class Counsel and their respective firms agree not to represent, encourage, solicit or otherwise assist, in any way whatsoever, including but not limited to referrals to other counsel, any person in requesting exclusion from the Settlement Class.

**IX.   COSTS OF CLAIMS NOTICE AND ADMINISTRATION**

49. Cameron shall pay all reasonable costs of disseminating notice to the Settlement Class, and shall pay all reasonable costs of administration contemplated by this Stipulation, as further discussed in the following paragraph.

50. "Costs of disseminating notice" and "costs of administration" shall include the costs to identify Class Members and Covered Loss information, costs of address updating, the costs of printing, reproducing, and mailing the Class Notice, drafts, forms, notices, and other responses required in connection with the administration of this Settlement, and the cost of Publication Notice.

51. Cameron's payment of the reasonable cost of costs of disseminating notice and costs of administration as described herein shall be in addition to the funding of the Class Settlement Fund.

**X.   ATTORNEYS' FEES, COSTS AND CLASS REPRESENTATIVE FEE**

52. Class Counsel's entitlement, if any, to an award of attorneys' fees, costs, and/or expenses, and Class Representative's entitlement to a participation award, will be determined by the Court.

53. Class Counsel and Representative Plaintiffs will file a motion with the Court thirty (30) days prior to the Final Approval Hearing requesting an award of attorneys' fees, costs, and expenses payable to Class Counsel in a total amount not to exceed $332,081, and participation awards of $5,000 to each of the Representative Plaintiffs in the Action. At the Final Approval Hearing, Class Counsel will ask the Court to issue an order awarding attorneys' fees, costs, and expenses and the participation awards to the Representative Plaintiffs, up to these respective amounts.

54. Cameron will not object to the motion requesting an award of attorneys' fees, costs, and expenses to be paid to Class Counsel in a total amount not to exceed $332,081, and participation awards of $5,000 to each of the Representative Plaintiffs.

55. All approved attorneys' fees, costs, and expenses shall be payable to Crowley Norman LLP within five (5) business days after the Effective Date.

## XI. DISAPPROVAL OR TERMINATION OF THE PROPOSED SETTLEMENT

56. Within twenty (20) days after notice of the occurrence of any of the following events, Cameron shall have the right, exercisable at their own discretion, to terminate this Stipulation by delivering written notification of such election to Class Counsel, if:

    (a) The Court, or any appellate court(s), rejects, denies approval, disapproves, or modifies the Stipulation or any portion of this Stipulation that Cameron, in their sole judgment and discretion believe to be material, including, but not limited to, the terms of the Settlement Class relief, the provisions relating to notice, the definition of the Settlement Class, or the Released Claims; or

    (b) The Court, or any appellate court(s), does not enter or completely and unconditionally affirm any portion of the Stipulation, Preliminary Approval Order or Final Judgment that Cameron, in their sole judgment and discretion believe to be material; or

    (c) If any regulatory agency or governmental agency should challenge any of the terms of the Stipulation in any way that Cameron, in their sole judgment and discretion believe to be materially adverse to Cameron' interests; or

    (d) The number of Persons who exclude themselves from the Settlement Class equals or exceeds 10% of the potential Class Members; or

    (e) Any financial obligation is imposed upon Cameron in addition to and/or greater than those specifically accepted by Cameron in this Stipulation.

57. If an option to withdraw from and terminate this Stipulation arises under Paragraph 56, none of the Parties are required for any reason or under any circumstance to exercise that option.

58. If the Proposed Stipulation shall fail for any reason other than a breach by one of the Parties, or if this Stipulation shall be terminated pursuant to Paragraph 32, or terminated by Cameron pursuant to Paragraph 56:

    (a) This Stipulation and the Proposed Settlement shall have no further force or effect, and all proceedings that have taken place with regard to this Stipulation and the Proposed Settlement shall be without prejudice to the rights and contentions of the parties hereto and any of the putative Class Members;

    (b) This Stipulation, all of its provisions (including, without limitation, any provisions regarding class certification), and all negotiations, statements and proceedings relating to them shall be without prejudice to the rights of any of the parties, each of whom shall be restored to their respective

        positions existing immediately before settlement negotiations and the execution of this Stipulation;

    (c)    This Stipulation, any provision of this Stipulation (including without limitation the provisions regarding class certification), and the fact of this Stipulation having been made, shall not be admissible or entered into evidence for any purpose whatsoever and shall not be subject to discovery;

    (d)    Any judgment or order entered in the Action after the date of this Stipulation, including, without limitation, any order certifying the Settlement Class, will be vacated and will be without any force or effect in any action or proceeding. The parties hereto agree they will promptly file a joint motion with the Court to vacate all orders entered pursuant to the terms of this Stipulation; and

    (e)    The parties hereby agree they will not thereafter argue or raise a claim or defense, including, but not limited to, waiver, estoppel and other similar or related theories, that the Stipulation and related pleadings and filings, any provision of this Stipulation (including without limitation the provisions regarding class certification), the fact of this Stipulation having been made, and any settlement negotiations preclude Cameron from opposing certification or the claims in the Action or any other proceeding.

59. Paragraphs 32, 67, and 67-70 shall survive any termination of this Stipulation.

## XII. DENIAL OF LIABILITY

60. Cameron maintains that it has at all times paid claims when reasonable and appropriate to do so and have consistently acted in accordance with the governing laws and regulations of Arkansas and each State in which they do business. Cameron denies each and every material allegation in the Litigation. Cameron nonetheless has concluded that it is in its best interest that the Action be settled on the terms and conditions set forth in this Stipulation. Cameron reached this conclusion after considering the factual and legal issues in the Action, the substantial benefits of a final resolution of the Action, and the expense that would be necessary to defend the Action through trial, appeal and any subsequent proceedings that may occur.

61. This Stipulation represents a compromise of disputed claims. As a result of the foregoing, Cameron enters into this Stipulation without in any way admitting, conceding or acknowledging any fault, liability, or wrongdoing of any kind. Neither this Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Cameron of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind on the part of Cameron. This Stipulation shall not be offered or received in evidence in any action or proceeding in any court, administrative panel or proceeding, or other tribunal, as

an admission or concession of liability or wrongdoing of any nature on the part of Cameron, nor as an admission or concession that this Litigation may properly be maintained as a litigation or arbitration class action. In the event the Proposed Settlement is not finally approved for any reason, Cameron shall retain the right to object to the maintenance of the Action and/or any other proceeding as a class action and to contest the Action and/or any other case on any ground.

62. Neither this Stipulation, nor the negotiations of the Class Settlement, nor the Class Settlement procedures, nor any act, statement or document related in any way to the Class Settlement negotiations or settlement procedures, nor any pleadings, or other document or action related in any way to the Stipulation shall be (1) offered into evidence in the Litigation or in any other case or proceeding in support of or in opposition to a motion to certify a contested class or (2) otherwise used in any case or proceeding whatsoever in support of or in opposition to a motion to certify a contested class.

### XIII. DISMISSAL OF ACTION AND RELEASE OF CLAIMS

63. Upon the Effective Date, Plaintiffs, all Class Members, and their heirs, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns and successors, and/or anyone claiming through them or acting or purporting to act for them or on their behalf, will be bound by the Final Judgment and conclusively deemed to have fully released, acquitted and forever discharged, to the fullest extent permitted by law, all of the Released Persons from the Released Claims, and agree not to institute, maintain, or assert any Released Claims against the Released Persons.

64. Nothing contained in this Stipulation shall preclude the enforcement of the terms of this Stipulation or the Final Judgment.

65. Upon entry of the Final Judgment described in Paragraphs 45, the Action will be dismissed with prejudice, and Plaintiffs, individually and on behalf of the Settlement Class, will release all the Released Persons from all of the Released Claims.

### XIV. WAIVER OF PROVISIONS BARRING RELEASE OF UNKNOWN CLAIMS

66. The provisions of any state, federal, municipal, local or territorial law or statute providing in substance that releases shall not extend to claims, demands, injuries, and/or damages that are unknown or unsuspected to exist at the time a settlement agreement is executed and/or approved by a court, are hereby expressly, knowingly, and voluntarily waived by and on behalf of Plaintiffs and all members of the Settlement Class.

### XV. CONFIDENTIALITY AGREEMENT

67. The following constitutes highly confidential and proprietary business information of Cameron (the "Proprietary Information"): (a) the names,

17

addresses, policy numbers, and other data concerning individuals compiled by Cameron in effectuating the Proposed Settlement; and (b) the claims files and all documents and electronic data contained in such files, for each Class Member, utilized by Cameron in identifying the potential Class Members and effectuating Cameron's other obligations under the Stipulation and/or the Proposed Settlement. The confidentiality of all Proprietary Information shall be protected from disclosure by Class Counsel and/or other attorneys for Plaintiffs in this Action to any persons other than those described in Paragraph 68 below.

68. No persons other than Cameron's counsel and clerical/administrative personnel employed by Cameron, Class Counsel and clerical/administrative personnel employed by Class Counsel, and such other persons as the Court may order, after hearing on notice to all counsel of record, shall be allowed access to any Proprietary Information.

69. Within thirty (30) days after all eligible claims have been resolved and paid, Class Counsel and/or other attorneys for Plaintiffs in this Action shall destroy or return to counsel for Cameron all Proprietary Information, and all confidential documents, data or information, including all claims files, and all copies thereof in their possession, custody, or control and any other confidential documents (exclusive of documents filed with the Court) provided by Cameron to Class Counsel or anyone they employed or retained in this Action, either in discovery or in connection with this Stipulation.

70. Other than the Individual Notices and Publication Notice provided for herein, the Parties agree that neither of them shall publicize the terms of the Settlement, nor publish a press release, nor publish a release or notice on the Internet or any other media outlet, concerning the terms of the Proposed Settlement and/or Final Settlement. If any print or electronic media outlet contacts any Party or its counsel seeking information or a statement regarding the Settlement evidenced by this Stipulation, in the absence of a response agreed upon by all parties, no information will be provided in response to such inquiries except to the extent such information appears as part of the public record.

## XVI. RETENTION OF RECORDS

71. Class Counsel and Cameron shall retain copies or images of all returned Individual Notices and correspondence relating thereto, for a period of up to one (1) year after the Effective Date. After this time, Class Counsel and Cameron may destroy documentary records they have in their possession. Nothing in this Stipulation shall be construed to require Class Counsel and Cameron to retain records beyond their respective, discretionary, record retention policies.

## XVII. DISPUTE RESOLUTION

72. The Parties hereby stipulate and agree that in the event of any dispute over the interpretation or compliance with this Stipulation, the Parties will fully and finally

submit the dispute to binding arbitration before a single neutral arbitrator for resolution. The Parties agree and appoint Frank S. Hamlin, Hamlin Dispute Resolution, LLC, 823 W. Markham St., Ste. 100, Little Rock, Arkansas 72201 as the single neutral arbitrator pursuant to this agreement.

### XVIII. MISCELLANEOUS PROVISIONS

73. The Parties hereto and their undersigned counsel agree to undertake their best efforts and to cooperate with each other to effectuate this Stipulation and the terms of the Proposed Settlement, including taking all steps and efforts contemplated by this Stipulation, and any other reasonable steps and efforts which may become necessary by order of the Court or otherwise. The parties further agree to cooperate in respect to reasonable, agreed extensions to the timetable hereunder, subject to such Court approval as may be required.

74. The undersigned counsel represent they are fully authorized to execute and enter into the terms and conditions of this Stipulation on behalf of their respective clients.

75. Except as otherwise provided, this Stipulation contains the entire agreement of the Parties hereto and supersedes any prior agreements or understandings between them. All terms of this Stipulation are contractual and not mere recitals and shall be construed as if drafted by all Parties hereto. The terms of this Stipulation are and shall be binding upon each of the Parties hereto, upon each of their agents, attorneys, employees, successors and assigns, and upon all other Persons claiming any interest in the subject matter hereof through any of the Parties hereto, including any Class Member.

76. This Stipulation may be amended or modified only by a written instrument signed by counsel for all Parties. Amendments and modifications may be made without additional notice to the potential Class Members unless such notice is required by the Court.

77. This Stipulation shall be subject to, governed by, construed in light of, and enforced pursuant to the laws of the United States and the laws of the State of Arkansas. Further, the Court in the Action shall retain exclusive and continuing jurisdiction over the Action, all Parties, and all Class Members to enforce the terms, conditions, and obligations of this Stipulation.

78. The exhibits to this Stipulation are integral parts of the settlement and are hereby incorporated and made parts of this Stipulation.

79. To the extent permitted by law, this Stipulation may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit or other proceeding which may be instituted, prosecuted or attempted in breach of this Stipulation.

80. This Stipulation shall be deemed to have been executed upon the last date of execution by all the undersigned parties and/or counsel.

81. This Stipulation may be executed in counterparts, each of which shall constitute an original.

Dated this 5th day of June, 2015:                    Dated this 5th day of June, 2015:

By: /s/ Stevan E. Vowell                              By: /s/ Marshall Ney
   W. H. Taylor                                          Marshall Ney
   Stevan E. Vowell                                      **FRIDAY, ELDREDGE & CLARK, LLP**
   William B. Putman                                     *Counsel for Defendant Cameron Mutual*
  **TAYLOR LAW PARTNERS, LLP**                         *Insurance Company*
  *Counsel for Plaintiffs and the Proposed Class*