UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | |
|---|---|
| MARK ADAMS and KATHY ADAMS, Individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>V.<br><br>CAMERON MUTUAL INSURANCE COMPANY,<br><br>Defendant. | No.: 2:12-cv-2173-PKH<br><br><br>CLASS ACTION |

**FINAL ORDER AND JUDGMENT APPROVING SETTLEMENT, CERTIFYING CLASS FOR SETTLEMENT PURPOSES, AWARDING CLASS COUNSEL ATTORNEYS' FEES, AWARDING CLASS REPRESENTATIVES PARTICIPATION FEES, AND DISMISSING ACTION WITH PREJUDICE**

Currently before the Court is Plaintiffs' Motion for Final Approval of Stipulation of Settlement ("Motion for Final Approval") (Doc. 49)[1], Plaintiffs' Brief in Support of the Motion for Final Approval (Doc. 48), and Class Counsel's Application for Attorneys' Fees and Reimbursement of Costs Related to the Stipulation and Settlement and for Class Representative's Participation Fee ("Class Counsel's Application for Fees") (Doc. 46).

The Court, having read and considered the parties' submissions, as well as the record as a whole, and having heard final argument from counsel at a hearing held August 25, 2015, now makes the following findings:

**FINDINGS OF FACT**

---

[1] Plaintiffs have pending an original motion for final approval (Doc. 47) as well as the amended motion (Doc. 49). The original motion will be DENIED AS MOOT. All references to the Motion for Final Approval will be to the amended motion.

1. Plaintiffs filed a Complaint in this Action alleging that Cameron Mutual Insurance Company ("Cameron") violated applicable law and breached its contracts with insureds by wrongfully depreciating the cost of labor when resolving structural claims in the State of Arkansas. Cameron has maintained throughout this Litigation that they have at all times paid claims when reasonable and appropriate to do so and have consistently acted in accordance with the governing laws and regulations of Arkansas and each State in which they do business.

2. After litigation between the parties and arms-length negotiations between Class Counsel and counsel for Cameron, the parties have reached a settlement that provides substantial benefits to a Settlement Class, in return for a release and dismissal of claims against Cameron.

3. Plaintiffs and Cameron executed and filed a Stipulation of Settlement and exhibits thereto dated March 27, 2015. (Doc. 41-1, pp. 1-19). After consideration of the Stipulation, the Court ordered certain non-material amendments to the Stipulation (Doc. 44). The parties submitted an Amended Stipulation ("the Stipulation") (Doc. 45) in accordance with the Court's order, and the Stipulation was approved by text order dated June 24, 2015.

4. The Stipulation is hereby incorporated by reference in this Final Judgment, and definitions and terms set forth in the Stipulation are hereby adopted and incorporated into this Final Judgment.

5. On March 27, 2015, Plaintiffs filed with the Court the original stipulation and exhibits thereto along with a motion for preliminary approval of the Proposed Settlement.

6. The Court, on May 19, 2015, entered the Order Preliminarily Approving Class Settlement ("Preliminary Approval Order"), preliminarily approving the stipulation with certain non-material amendments, preliminarily certifying the Settlement Class for settlement purposes only as a class action, and scheduling a hearing for August 25, 2015 to consider final approval of

the Proposed Settlement and other actions described in the Preliminary Approval Order and the Stipulation ("Settlement Final Approval Hearing"). In accordance with the order, the parties submitted an amended stipulation (Doc. 45), which was approved by the Court on June 24, 2015.

7. As part of its Preliminary Approval Order, the Court certified a Settlement Class defined as follows:

> All persons and entities who received ACV payments, directly or indirectly, from Cameron Mutual Insurance Company for physical loss or damage to their dwelling or other structures, such dwellings or other structures located in Arkansas, such payments arising from losses that occurred at any time during the Class Period, where the cost of labor was depreciated.
>
> Excluded from the Class are: (1) All persons and entities who received a replacement cost payment from Cameron Mutual Insurance Company; (2) All persons and entities who received a payment at least equal to the applicable policy limits on a total loss claim; (3) Cameron Mutual Insurance Company and its affiliates, officers, and directors; (4) Members of the judiciary and their staff to whom this action is assigned; and (5) Plaintiffs' counsel.
>
> "Class Period" means the period of August 1, 2007 through the date of Preliminary Approval.

8. As part of the Preliminary Approval Order, this Court approved a proposed Individual Notice, which provided Class Members with notice of the Proposed Settlement and Stipulation. In accordance with the Stipulation, the Individual Notice also explained the opportunity for Class Members to file objections to the Proposed Settlement and the process by which Class Members could exclude themselves from the Settlement Class. The Court also approved published notice of the Settlement in the Arkansas Democrat-Gazette (the "Publication Notice"), which further provided Class Members with information about the Proposed Settlement.

9. The Court ordered the Individual Notice, in the form attached to the Stipulation of Settlement as Exhibit "2" (Doc. 45-2), be mailed by Cameron, by first-class mail, postage

prepaid, on or before June 26, 2015 (the "Notice Mailing Date") to all potential Class Members whose names and last known addresses were ascertained by Cameron through a reasonable search and inquiry of its records of claims by Class Members during the Class Period, with supplementation of those addresses as described in the Stipulation.

10. On August 14, 2015, Plaintiffs applied to the Court for final approval of the terms of the Proposed Settlement and for the entry of this Final Judgment. (Doc. 49). In support of that Application, Plaintiffs submitted, among other things, evidence concerning the dissemination and adequacy of Class Notice, evidence regarding the negotiation of the Stipulation, evidence regarding the fairness, reasonableness, and adequacy of the terms of the Stipulation, and evidence regarding the fairness, reasonableness and adequacy of Class Counsel's Application for Fees. In support of the Motion for Final Approval, Plaintiffs submitted a Brief in Support of Motion for Final Approval (Doc. 48). Class Counsel also filed, on July 24, 2015, an application for fees and costs and incentive payments for the class representatives, with supporting documents. (Doc. 46).

11. In accordance with the Preliminary Approval Order, the Final Approval Hearing was duly held before this Court on August 25, 2015.

12. Plaintiffs offered argument at the Settlement Final Approval Hearing in support of the Motion for Final Approval and Class Counsel's Application for Fees. Defense counsel concurred with Plaintiffs' arguments.

13. Cameron has filed with the Court a declaration that the first mailing of the Court-approved Individual Notice was completed on June 19, 2015. The Individual Notice was mailed via First Class United States mail to 1240 Class Members (Doc. 48, p. 10). Of those, 126 were returned. A second notice was mailed to those 126 class members after obtaining updated

information from Accurint. Thirty-one of the 126 second notices were returned. In total, Cameron received a return of 31 Individual Notices as undeliverable and without forwarding addresses. The percentage of Individual Notices that were returned without forwarding addresses (approximately 97.5%) is reasonable. In addition, the Publication Notice was posted in the Arkansas Democrat Gazette, a daily newspaper printed and published in Arkansas, on four consecutive Mondays: June 22 and 29 and July 6 and 13, 2015. (Doc. 2-1). No requests for exclusion were received by Class Counsel and the Court has received no objections, nor were any made at the Settlement Final Approval Hearing.

14. The parties have satisfactorily demonstrated that Individual Notices were mailed, and the Publication Notice was published, in accordance with the Stipulation and Preliminary Approval Order.

15. The Settlement provides substantial monetary benefits to Class Members. The maximum monetary liability of Cameron for settlement payments to Class Members, attorneys' fees, costs, and expenses of the Litigation, and Court-approved participation awards to the Class Representatives is $1,357,480.56. In addition to the $1,357,480.56, Cameron has agreed to fund the costs of claims notice and administration. The payment procedure established under the Stipulation is uniform and fair, and provides Class Members with the opportunity to receive settlement payments as described in the Stipulation.

16. All Persons who wished to be excluded from the Settlement Class were provided an opportunity to request exclusion as described in the Individual Notice and Publication Notice. No Class Member sought exclusion from the Settlement Class

17. No objections to the Settlement were filed.

18.     Class Members who did not timely file and serve an objection in writing to the Stipulation, to the entry of this Final Judgment, or to Class Counsel's application for fees, costs, and expenses, in accordance with the procedure set forth in the Individual Notice and mandated in the Preliminary Approval Order, are deemed to have waived any such objection through any appeal, collateral attack, or otherwise.

19.     At the Final Approval Hearing, the Court considered, among other matters described herein, (a) whether certification of the Settlement Class for settlement purposes only was appropriate under Rule 23; (b) the fairness, reasonableness and the adequacy of the Stipulation; and (c) the fairness and reasonableness of Class Counsel's application for attorneys' fees under applicable law.  The Court reviewed the pleadings, evidence, and arguments of Plaintiffs, Class Counsel and Cameron, as well as the Stipulation and Class Counsel's Application for Fees on behalf of Class Members.

20.     On the basis of the matters presented in this Action and the provisions of the Stipulation, the Court finds that the Proposed Settlement is a fair, reasonable and adequate compromise of the claims against Cameron, pursuant to FED. R. CIV. P. 23. In considering a number of factors, the Court finds that:

    a.  The liability issues in this Action and the suitability of this Action for certification of a litigation class have been vigorously contested, particularly in respect to litigation manageability requirements;

    b.  This Proposed Settlement has the benefit of providing substantial benefits to Class Members now, without further litigation, under circumstances where the liability issues are still vigorously contested among the Parties;

  c. The Proposed Settlement is clearly a byproduct of adversary litigation between the Parties, and not a result of any collusion on the part of Class Counsel or Cameron; and

  d. Class Counsel's request for an award of reasonable fees and reimbursement of expenses is reasonable, fair, and in all respects consistent with the terms of the Stipulation.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over the Plaintiffs, Cameron, and members of the Settlement Class.

2. The Court concludes that, for settlement purposes only, the Settlement Class meets all the requirements of FED. R. CIV. P. 23, due process and all other applicable rules and law and can therefore be certified as a settlement class. Class Members are ascertainable and too numerous to be joined, and questions of law and fact are common to all Settlement Class Members, as required by Rule 23(a)(1) and (2). The Class Representatives' claims are typical of those of the Settlement Class, as required by Rule 23(a)(3). The Class Representatives and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class for the purposes of entering into and implementing the Proposed Settlement, as required by Rule 23(a)(4).

3. The Stipulation provides for the settlement of this Action with Cameron by the representative Plaintiffs on behalf of the members of the Settlement Class. The Stipulation provides that, in exchange for the releases described in the Stipulation and this Final Judgment, Cameron will provide substantial consideration consisting of settlement payments to all members of the Settlement Class, as described in the Stipulation.

4. The parties have provided evidence that the Individual Notices were disseminated and Publication Notice published in accordance with the Preliminary Approval Order and Stipulation, all of which informed members of the Settlement Class of the terms of the Proposed Settlement, of their opportunity to request exclusion from the Settlement Class, and of their opportunity to object to the terms of the Stipulation.

5. Based on the Court's review of the evidence admitted and argument of counsel, the Court finds and concludes the Individual Notices were mailed to members of the Settlement Class in accordance with provisions of the Preliminary Approval Order, and together with the Publication Notice, (i) constituted the best notice practicable; (ii) were reasonably calculated to apprise potential members of the Settlement Class of the pendency of the Action, their right to object or exclude themselves from the Proposed Settlement and to appear at the Settlement Final Approval Hearing, and their right to monetary relief; (iii) were reasonable and constitute due, adequate, and sufficient notice to all Persons entitled to receive notice; and (iv) met all requirements of the Federal Rules of Civil Procedure and the requirements of due process under the United States Constitution, and requirements of any other applicable rules or law. The Court further finds that the notice campaign undertaken concisely and clearly states in plain, easily understood language:

    a. the nature of the action;

    b. the definition of the class certified;

    c. the class claims, issues or defenses;

    d. that a Class Member may object to the settlement;

    e. that a Class Member may enter an appearance and be heard at the Settlement Final Approval Hearing in person or through counsel;

      f.      that the Court will exclude from the Settlement Class any member who timely requests exclusion, stating when and how members may elect to be excluded;

      g.      the date and time of the Settlement Final Approval Hearing; and

      h.      the binding effect of a Final Judgment on Class Members.

6. Having admitted and reviewed the evidence at the Settlement Final Approval Hearing concerning the success of the notice campaign, the Court finds that it is unnecessary to afford a new opportunity to request exclusion to Class Members who had an earlier opportunity to request exclusion, but did not do so.

7. Based on a review of the record and argument of the parties, the Court finds that the Stipulation was entered into in good faith, after arm's length negotiations between the Plaintiffs and Cameron.

8. The Court finds that approval of the Stipulation and the Proposed Settlement embodied therein will result in substantial savings in time and resources to the Court and the litigants and will further the interests of justice. Further, the Court finds that the Stipulation is fair, reasonable and adequate to members of the Settlement Class based on discovery, due diligence, and the absence of material objections sufficient to deny approval.

9. The settlement of the Action on the terms, conditions, and limitations set forth in the Stipulation is approved and confirmed in all respects as fair, reasonable, and adequate and in the best interest of the Settlement Class and Class Members, especially in light of the benefits made available to the Settlement Class and the costs and risks associated with the continued prosecution, trial and possible appeal of this complex litigation.

10. A review of the following factors supports a finding that the Settlement is fair, reasonable and adequate:

        a.        The strength of the case for the plaintiffs on the merits, balanced against the amount offered in the settlement;

        b.        The defendant's overall financial condition and ability to pay;

        c.        The complexity, length and expense of further litigation; and

        d.        The amount of opposition to the settlement.

11.    Although the notice campaign was highly successful and resulted in notice being mailed to 1240 Class Members, no Class Member filed objections to the Stipulation of Settlement. The complete lack of opposition by a well-noticed Settlement Class strongly supports the fairness, reasonableness, and adequacy of the Settlement.

12.    Class Counsel's requests for $332,081.00 in attorneys' fees and expenses and Class Representatives' participation fee of $5,000.00 to each Class Representative, to be paid by Cameron, are fair, reasonable and adequate.

NOW, THEREFORE, GOOD CAUSE APPEARING THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.    Pursuant to Rule 23, certification of the Settlement Class is confirmed for the purpose of the Settlement, in accordance with the Stipulation.

2.    No requests for exclusion were submitted, and no Class Members are excluded from the Settlement Class. All members of the Settlement Class are bound by this Final Judgment and by the Stipulation and the Proposed Settlement embodied therein, including the releases provided for in the Stipulation and this Final Judgment.

3.    All provisions and terms of the Stipulation are hereby finally approved in all respects. The parties to the Stipulation are hereby directed to consummate the Stipulation in accordance with its terms.

4. The Motion for Final Approval (Doc. 49) is GRANTED[2] and the Parties to the Stipulation are directed to consummate the terms of the Stipulation.

5. Plaintiffs Mark Adams and Kathy Adams are appointed as the representatives of the Settlement Class, and the following Class Counsel are appointed as counsel for the Settlement Class:

| | |
|---|---|
| W. H. Taylor | Jason E. Roselius |
| Stevan E. Vowell | **Mattingly & Roselius, PLLC** |
| William B. Putman | 13182 N. MacArthur Blvd. |
| **TAYLOR LAW PARTNERS** | Oklahoma City, Oklahoma |
| 303 E. Millsap Road | 73142 |
| P.O. Box 8310 | |
| Fayetteville, Arkansas  72703 | |
| Richard E. Norman | |
| R. Martin Weber, Jr. | |
| **Crowley Norman LLP** | |
| 3 Riverway, Ste. 1775 | |
| Houston, Texas  77056 | |

6. Upon the entry of this Final Judgment, each Class Member shall be conclusively deemed to have fully released and discharged, to the fullest extent permitted by law, any and all of the Released Persons from all of the Released Claims, all as defined in the Stipulation, and shall be conclusively bound by this Final Judgment under the doctrines of res judicata, collateral estoppel, and claim and issue preclusion.

7. "Released Claims" means and includes any and all known and unknown claims, rights, demands, actions, causes of action, allegations, or suits of whatever kind or nature, whether *ex contractu* or *ex delicto,* debts, liens, contracts, liabilities, agreements, attorneys' fees, costs, penalties, interest, expenses, or losses (including actual, consequential, statutory, extracontractual and/or punitive or exemplary damages) arising from depreciation of labor (including, but not limited to, calculation, deduction, determination, inclusion, modification,

---

[2] The original motion for final approval (Doc. 47) is DENIED AS MOOT.

omission, and/or withholding of depreciation of labor) in the adjustment and/or payment of any Covered Loss, and whether arising under or based on contract, extra-contractual, unfair trade practices, bad faith or tort theories, common law or equity, or federal, state or local law, statute, ordinance, rule or regulation.  "Released Claims" do not include any claim for enforcement of the contemplated Stipulation of Settlement and/or Final Judgment.

8. "Released Persons" means Cameron and their past or present subsidiaries, parents, and/or affiliates, their successors and predecessors in interest, their assigns, acquirers, divisions, representatives, heirs, officers, directors, shareholders, members, agents, managing agents, employees, attorneys, auditors, accountants, brokers, surplus lines brokers, advisers, insurers, co-insurers, re-insurers, and/or consultants.

9. In order to protect the continuing jurisdiction of the Court and to protect and effectuate this Final Judgment, the Court permanently and forever bars and enjoins Plaintiffs, all Class Members, and anyone acting on their behalf, from filing, commencing, prosecuting, intervening in, or participating in (as parties or class members) any action in any federal or state court or before any other tribunal or forum of any kind, asserting any Released Claims against Cameron or any of the Released Parties (except as necessary before the Court to enforce the terms of the Stipulation).  Any person who knowingly violates this injunction will be liable for the costs and attorneys' fees incurred by Cameron or any of the Released Parties as a result of such violation.

10. Proprietary Information of Cameron shall be protected from disclosure and handled in accordance with the terms of the Stipulation, and Class Counsel and other attorneys for Plaintiffs in this Action shall destroy or return all Proprietary Information in their possession, custody, or control as set forth in the Stipulation.

11. Plaintiffs' motion for attorneys' fees and incentive payments to class representatives (Doc. 46) is GRANTED. The Court jointly awards Class Counsel the total sum of $$332,081.00 in attorneys' fees and costs. In addition, the Court awards each Class Representative a participation fee of $5,000.00. The Court hereby finds that these amounts are fair and reasonable. Cameron shall pay such fees to Class Counsel pursuant to the terms of the Stipulation.

12. Payments to Class Members shall be made in the amounts, within the time periods, and in the manner described in the Stipulation.

13. The Action is DISMISSED in its entirety on the merits, WITH PREJUDICE and without leave to amend.

14. Without in any way affecting the finality of this Final Judgment, this Court shall retain exclusive continuing jurisdiction over this Action for purposes of:

    a. Enforcing the Stipulation and the Settlement;

    b. Hearing and determining any application by any party to the Stipulation for a settlement bar order; and

    c. Any other matters related or ancillary to any of the foregoing.

IT IS SO ORDERED AND ADJUDGED this 27th day of August, 2015.

*/s/P. K. Holmes,* III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE